IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DARNEY RAY WHITE, | ) | No. CV-F-05-946 REC |
| | ) | (No. CR-F-03-5308 REC) |
| | ) | |
| | ) | ORDER ACCEPTING JURISDICTION |
| Petitioner, | ) | OF PETITIONER'S MOTION FOR |
| | ) | RELIEF PURSUANT TO 28 U.S.C. |
| vs. | ) | § 2255 AND DIRECTING |
| | ) | PETITIONER TO FILE WAIVER OF |
| | ) | ATTORNEY-CLIENT PRIVILEGE |
| UNITED STATES OF AMERICA, | ) | WITHIN 30 DAYS OF FILING |
| | ) | DATE OF ORDER |
| | ) | |
| Respondent. | ) | |
| | ) | |
| _____ | ) | |

On July 25, 2005, petitioner Darney Ray White filed a timely motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

Petitioner was charged with armed bank robbery in violation of 18 U.S.C. § 2113(a). Petitioner pleaded guilty pursuant to a written plea agreement. The plea agreement specifically provided that petitioner's sentence would be determined by the Sentencing Guidelines, although the United States agreed to recommend that petitioner be sentenced at the low end of the guideline range.

1

The plea agreement specifically provided:

> The defendant understands that the law gives him a right to appeal his conviction and sentence.  He agrees as part of his plea, however, to give up this right as long as his sentence is consistent with the agreement set forth above.
>
> The defendant also gives up any right he may have to bring a post-conviction attack on his conviction or sentence.  He specifically agrees not to file a motion under 28 U.S.C. § 2255 or 2241 attacking his conviction or sentence.

Petitioner was sentenced on September 13, 2004 to 77 months incarceration, which was the low end of the guideline range of 77 to 96 months.  No appeal was filed.

On March 25, 2005, petitioner filed a "Motion for Recall of Sentence or Modification of Sentence" wherein he contended that he is entitled to be resentenced because of the Supreme Court's decisions in United States v. Booker, 125 S.Ct. 738 (2005) and Blakely v. Washington, 124 S.Ct. 2531 (2004) and contending that he did not file an appeal because his attorney did not properly advise him on his right to appeal.  See White v. United States, No. CV-F-05-407 REC.  By Order filed on April 7, 2005, the court deemed the motion for recall of sentence or modification of sentence to be a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 and denied the deemed Section 2255 motion.  Judgment for respondent was entered on April 7, 2005.  No appeal was filed by petitioner.

In the instant Section 2255 motion, petitioner asserts three grounds for relief.

2

1     As Ground One, petitioner asserts that the plea agreement is

2  "inadmissible" was misrepresented to petitioner by defense

3  counsel.  Petitioner contends:

4          Defendant was on psychiatric meds at the time
           he signed to plea agreement.  Defendant's
5          attorney told defendant that she would remove
           him giving up his right to appeal, and did
6          not inform him that he would be giving up his
           right to challenge any part of his
7          conviction.  Defendant also was not cleared
           by a psychiatric doctor, that he was making a
8          sane decision.  The court did not inform
           defendant that they had to consider
9          guidelines, but may depart from them under
           some circumstances by law.  And those
10         circumstances apply to this defendant.

11     As Ground Two, petitioner asserts that he "was not cleared

12  as competant by a doctor".  Petitioner contends:

13         At one point in the case, the court
           considered sending defendant to mental
14         hospital for evaluation, due to his privious
           [sic] mental, and present, mental conditions.
15         Defendant was not cleared competant to stand
           trial by a doctor, at the time he signed his
16         plea agreement, or after.  The doctor he did
           see, recommended a downward departure, due to
17         defendant's mental condition, at the time of
           the crime, and at the time of the court
18         proceedings.  Defendant's attorney held back
           the true facts of ths agreement from
19         defendant.

20     As Ground Three, petitioner asserts that he "never believed

21  he was giving up his right to appeal".  Petitioner contends:

22         When Defendant signed the deal for lower
           term, defendant was told by court appointed
23         counsel that she would make sure that he
           would not give up his right to appeal, if he
24         signed the deal.  Also the defendant was
           medicated, when he signed the deal, and
25         trusted his counsel.

26     A.   Second or Successive Motion.

3

Because the court deemed petitioner's motion filed on March 25, 2005 to be a motion for relief pursuant to Section 2255, the court must address whether it has jurisdiction to consider the instant motion.

Pursuant to the AEDPA, petitioner must move in the Ninth Circuit Court of Appeals for an order authorizing the district court to consider a second or successive Section 2255 motion.  28 U.S.C. §§ 2244(b)(3) and 2255.  If a petitioner has previously sought relief pursuant to Section 2255 and has not received from the Ninth Circuit certification as required by Sections 2244 and 2255, this court does not have jurisdiction to consider the merits of this second motion.  United States v. Allen, 157 F.3d 661, 664 (9th Cir. 1998).

However, when the court deemed petitioner's earlier motion to be a Section 2255 motion, the court neglected to follow the procedure mandated by United States v. Seesing, 234 F.3d 456, 464 (9th Cir. 2000):

> When presented with a pro se motion that could be recharacterized as a 28 U.S.C. § 2255 motion, a district court should not so recharacterize the motion unless: (a) the pro se prisoner, with knowledge of the potential adverse consequences of such a recharacterization, consents, or (b) the district court finds that because of the relief sought that the motion should be recharacterized as a 28 U.S.C. § 2255 motion and offers the pro se prisoner the opportunity, after informing the prisoner of the consequences of recharacterization, to withdraw the motion.  Under either scenario, the pro se prisoner has the option to withdraw the motion and file one all-

4

1    inclusive 28 U.S.C. § 2255 motion within the
     one-year statutory period.

Because the court failed to follow this procedure when

recharacterizing petitioner's prior motion as a Section 2255

motion and because the instant motion is filed within the one-

year statutory period, the court concludes that the instant

motion cannot be deemed to be a second or successive Section 2255

motion and that this court has jurisdiction to consider the

grounds for relief asserted in the instant motion.

     B.   <u>Waiver of Attorney-Client Privilege</u>.

          Before the court can require the United States to respond to

this Section 2255 motion, petitioner must advise the court

whether he is willing to waive the attorney-client privilege with

respect to the claims made in this motion.  <u>See</u> <u>Bittaker v.</u>

<u>Woodford</u>, 311 F.3d 715, 720 (9th Cir. 2003)(If petitioner wishes

to go forward with his claims of ineffective assistance of

counsel as the basis for relief under Section 2255, he must waive

the attorney-client privilege to the extent necessary to give the

United States a fair opportunity to defend those claims).

Therefore, the court orders petitioner to file a pleading

specifically advising the court that petitioner waives the

attorney-client privilege with respect to the claims made in this

motion within 30 days of the filing date of this order.   Failure

to timely comply will result in the denial of this motion.  All

further proceedings shall be by order of this court.

///

5

IT IS SO ORDERED.

**Dated:**  **August 3, 2005**                              **/s/ Robert E. Coyle**

668554                                                   UNITED STATES DISTRICT JUDGE